UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-81215-BLOOM/Valle

ROBERT CRENSHAW,

    Plaintiff,

v.

SPECIALIZED LOAN SERVICING, LLC,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Specialized Loan Servicing LLC's ("Defendant") Motion to Dismiss, ECF No. [11], Plaintiff Robert Crenshaw's ("Plaintiff") Complaint, ECF No. [1]. The Court has carefully reviewed the record, the parties' briefs, and the applicable law. For the reasons set forth below, the Motion is granted.

**I. BACKGROUND**

Plaintiff initially filed this action on June 9, 2016 in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, seeking relief for Defendant's alleged violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et. seq.* ("RESPA"), and its implementing regulation, 12 C.F.R. § 1024, *et seq.* ("Regulation X"). *See* Compl. ¶¶ 1-2. Specifically, Plaintiff seeks remedies for Defendant's alleged failure to comply with § 2605(k) of RESPA and § 1024.36 of Regulation X. *See id.* ¶ 3. Defendant timely removed the matter to this Court, and now moves to dismiss the Complaint with prejudice.

Plaintiff alleges that he mailed a written Request for Information ("RFI") to Defendant pursuant to Regulation X. *Id.* ¶ 14; Ex. A, ECF No. [1-1] at 16 (the "RFI"). Plaintiff sent his RFI

by certified mail, which Plaintiff and his counsel tracked through the certified mailing tracking number. *See* Compl. ¶ 15. The RFI was delivered to Defendant on January 14, 2016 and the certified return receipt (the "Certified Receipt") was signed by Defendant's agent on January 15, 2016. *See* Certified Receipt, Ex. B, ECF No. [1-1] at 20. Plaintiff alleges that he did not receive a sufficient written response to the RFI within the required timeframe, and therefore sent a follow-up Notice of Error letter ("NOE") to Defendant. Compl. ¶ 17.

Plaintiff brings two counts against Defendant for its alleged violation of 12 U.S.C. § 2605(k). In Count I, Plaintiff alleges that Defendant violated RESPA § 2605(k) through its violation of Regulation X, 12 C.F.R. § 1024.36(d), by failing to provide a sufficient written acknowledgment to the RFI within the required timeframe. *See* Compl. ¶¶ 25-26. In Count II, Plaintiff alleges that "[t]hrough its own conduct and the conduct of its designated counsel[,] Defendant has shown a pattern of disregard to the requirements imposed upon Defendants" by Regulation X. *Id.* ¶ 34. As to damages, Plaintiff claims that as a "direct and proximate result of Defendant's failure to comply with Regulation X and RESPA," Plaintiff has "incurred actual damages in certified postage costs of less than $100.00 for mailing the RFI and NOE, and attorney's fees and costs." *Id.* ¶¶ 28. Plaintiff also claims that he is entitled to statutory damages for Defendant's violation as alleged in Count II. *See id.* ¶¶ 35-36. Defendant filed the instant Motion to Dismiss on July 14, 2016, asserting that venue is improper here and that Plaintiff has failed to state a claim. Plaintiff's Response and Defendant's Reply timely followed. *See* ECF Nos. [14], [19].

## II. LEGAL STANDARD

### A. 12(b)(3) Venue

"On a motion to dismiss based on improper venue, the plaintiff has the burden of

showing that venue in the forum is proper." *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004) (citing *Interlease Aviation Investors II (Aloha) L.L.C. v. Vanguard Airlines, Inc.*, 262 F.Supp.2d 898, 913 (N.D. Ill. 2003); *Indymac Mortgage Holdings, Inc. v. Reyad*, 167 F .Supp. 2d 222, 237 (D. Conn. 2001); *U.S. Envtl. Prot. Agency v. Port Auth. of New York & New Jersey*, 162 F. Supp. 2d 173, 183 (S.D.N.Y. 2001); *McCracken v. Automobile Club of So. Calif., Inc.*, 891 F. Supp. 559, 560 (D. Kan. 1995)). "In considering a motion under Rule 12(b)(3), a court must accept the facts in a plaintiff's complaint as true." *Walker v. Hallmark Bank & Trust, Ltd.*, 707 F. Supp. 2d 1322, 1325 (S.D. Fla. 2010); *Hannes v. Conference on Jewish Material Claims against Germany, Inc.*, 2012 WL 3814254, at *2 (S.D. Fla. Sept. 4, 2012) (same). A court may also "consider matters outside the pleadings if presented in proper form by the parties." *MGC Commc'ns, Inc. v. BellSouth Telecomms., Inc.*, 146 F .Supp. 2d 1344, 1349 (S.D. Fla. 2001); *see also Webb v. Ginn Fin. Servs.*, 500 F. App'x 851, 854 (11th Cir. 2012) (consideration of evidence outside the pleading appropriate on Rule 12(b)(3) motion). However, "[w]here conflicts exist between allegations in the complaint and evidence outside the pleadings, the court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Malik v. Hood*, 2012 WL 1906306, at *1 (S.D. Fla. May 25, 2012).

### B. 12(b)(6) Failure to State a Claim

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002). Although the Court is required to accept all of the allegations contained in the complaint and exhibits attached to the pleadings as true, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) ("When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.") (internal quotation marks omitted).

**III. DISCUSSION**

Defendant moves to dismiss on numerous grounds, including: (1) improper venue; (2) Plaintiff has failed to set forth sufficient facts regarding Defendant's failure to adequately respond to the RFI; and (3) Plaintiff has failed to set forth any facts regarding a pattern or practice of violating RESPA. Because the issue of venue would preclude the Court's decision as to the remaining arguments, the Court will first address whether Plaintiff can satisfy RESPA's venue provision.

Under RESPA, venue is proper "in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred." 12 U.S.C. § 2614.[1] In asserting that venue is indeed proper, Plaintiff cites to a range of venue statutes, concepts, and associated legal theories—including Florida's venue statute and an argument against *forum non conveniens*, which has not been raised by Defendant. *See* Resp., ECF No. [14] at 2, 5-8; Compl. ¶¶ 6, 7. Unfortunately for Plaintiff, however, none of this figurative mud has any application. Further, and more egregiously, Plaintiff misrepresents and improperly quotes section 2614, incorrectly asserting that venue is proper "where a 'substantial part of the events of omissions giving rise to the claim occurred.'" Compl. ¶ 5 (purportedly quoting 12 U.S.C. § 2614). However, this language is found nowhere in section 2614, which, again, provides only that venue is proper in the district "in which the property involved is located, or where the violation is alleged to have occurred." 12 U.S.C. § 2614.

The parties do not dispute that the property involved is located in Roundrock, Texas. *See* RFI (stating that the letter is a request for information for the property located in Roundrock, Texas). Therefore, one of the proper districts to bring this action would have been the Western District of Texas. Under RESPA, the only remaining proper venue is therefore where the violation occurred.

Defendant asserts that this proper venue would be Littleton, Colorado—where Defendant is located as well as the location where Plaintiff sent his RFI. *See* RFI (addressing letter to Specialized Loan Servicing LLC in Littleton, Colorado). Defendant maintains that, based on

---

[1] Although the question of whether venue is "wrong" or "improper" is generally governed by 28 U.S.C. § 1391, this statute does not apply where venue is "otherwise provided by law." 28 U.S.C. § 1391(a).

Plaintiff's own allegations, the alleged violation is Defendant's act of omission in failing to timely provide an adequate written response to the RFI and, logically, the only location where Defendant can fail to take an action would be where it is located.

Plaintiff counters that a RESPA violation "technically does not arise until such time as the borrower's agent/counsel becomes aware of the unresponsiveness, and then has to assess where Defendant dropped the ball, and either go through the trouble of generating a Notice of Error, or filing suit." Resp. at 4. A plaintiff's awareness of the breach and correlative damages, according to Plaintiff, is therefore the last element to determining the existence of a RESPA violation. *Id.* at 5. It appears that at least one judge in this District has tentatively contemplated that Plaintiff's proposition could be correct. In his unpublished decision in *Preller v. Select Portfolio Servicing, Inc.*, Judge Middlebrooks dismissed the plaintiff's complaint for improper venue pursuant to RESPA. 16-cv-80293-DMM, slip op. (S.D. Fla. May 31, 2016). Judge Middlebrooks emphasized that the property at issue was located in Maryland and the defendant's offices in Utah, but further noted that "[e]*ven assuming* Plaintiff is correct that the violation was not complete until Defendant failed to respond—that response was originally directed to Plaintiff's attorney's office in Clearwater, Florida, which is located in the Middle, not Southern District of Florida." *Id.* at * 3 (emphasis added). Judge Middlebrooks concluded, therefore, that "[w]hile the venue would be proper in Maryland, it might also be proper in Utah, or, *possibly*, the Middle District of Florida." *Id.* at * 4 (emphasis added). The Court, however, finds Plaintiff's argument, and his reliance upon the *Preller* Court's tentative language, unpersuasive.

"To state a RESPA claim for failure to respond to a [qualified written request ("QWR")], a plaintiff must allege that '(1) the defendant is a loan servicer under the statute; (2) the plaintiff sent a [QWR] consistent with the requirements of the statute; (3) the defendant failed to respond

adequately within the statutorily required days; and (4) the plaintiff has suffered actual or statutory damages.'" *Graham v. Ocwen Loan Servicing, LLC*, No. 16-80011-CIV, 2016 WL 1573177, at *2 (S.D. Fla. Apr. 19, 2016) (quoting *Correa v. BAC Home Loans Servicing LP*, No. 6:11-CV-1197-ORL-22, 2012 WL 1176701, at *6 (M.D. Fla. Apr. 9, 2012)). The Court agrees with Defendant's assertion that the location where the violation occurred is not the same as where a plaintiff allegedly incurs damages and the statute specifies only one element of the cause of action, the violation. The Court declines to read more into the statute than what the plain meaning provides. Indeed, "[w]hat Congress meant to do in such circumstances is obvious: limit the districts where claims arising under the pertinent laws could be brought. The Court's function is to interpret laws, not improve upon them." *Price v. Countrywide Home Loans, Inc.*, No. CV205-015, 2005 WL 2354348, at *6 (S.D. Ga. Sept. 26, 2005). The Court agrees with Defendant that a plaintiff "cannot create venue in a particular jurisdiction by hiring counsel who happens to have an office located in that jurisdiction." Mot. at 2.[2] Accordingly, the Court finds that venue is improper in this District.

## IV. CONCLUSION

For the reasons stated above, the Court determines that venue is improper. The decision whether to transfer or dismiss a case for improper venue "is left to the sound discretion of the district court." *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 985 (11th Cir. 1982). Because venue would be proper in either Texas or Colorado, this action is properly dismissed. Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss, **ECF No. [11]**, is **GRANTED IN PART**. Plaintiff's Complaint, ECF No. [1], is **DISMISSED**. The Clerk is instructed to **CLOSE** this case.

---

[2] Having determined that venue is improper, the Court does not reach Defendant's arguments that the Complaint has failed to state a claim upon which relief can be granted.

Case No. 16-cv-81215-BLOOM/Valle

**DONE AND ORDERED** in Miami, Florida, this 23rd day of August, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record